GIBSON v. HEYWARD.

A division of the partition fence between land owned by A and land owned by him and B as tenants in common "may be established by usage and acquiescence of the parties," under Gen. Laws, c. 142, s. 3.

The usage may be the performance of a parol agreement, with no claim of right except under the agreement.

SMITH, J.   The plaintiff's land, herein called lot one, adjoins the defendant's, herein called lot two.   The only question on which argument has been offered, or on which an opinion seems to be desired, is, whether a division of the partition fence between one and two has been "established by usage and acquiescence of the parties and those under whom they claim," within the meaning of Gen. Laws, c. 142, s. 3.   Lot one was once owned by Trull, and from 1870 to 1873 lot two was owned by the defendant and Glidden.   In 1869 Trull mortgaged lot one to Glidden, who entered in 1871 and held possession, taking the rents and profits under his mortgage until his death in 1873.   After Glidden's death Trull quitclaimed lot one to Glidden's administrator, who conveyed it to the plaintiff's grantor.   The plaintiff contends that *s*. 3, *c*. 142, Gen. Laws, is a mere reënactment, which does not change the meaning of *c*. 2614, Laws 1862; that the act of 1862 was passed in consequence of the decision in *Glidden* v. *Towle*, 31 N. H. 147, 168–170, and was intended to provide for cases in which there was a right claimed adversely,

and as such acquiesced in for twenty years,—in other words, was intended to authorize a division of fence by prescription only; and that there could be no adverse claim, and consequently no division by prescription, while Glidden was in possession of lot one as mortgagee, and of an undivided half of lot two as a tenant in common.

The defendant cites *Binney* v. *Proprietors of the common and undivided Lands in Hull,* 5 Pick. 503. In that case the plaintiff owned land adjoining undivided lands which had, time out of mind, been owned and occupied by the defendants as tenants in common. When the case was decided the defendants had been incorporated sixteen years. For fifty-six years the plaintiff and his ancestors had maintained the fence between the two tracts, and during the same time they owned eleven one hundred and forty-fourths of the undivided tract. The plaintiff contended that if he owned both tracts, the prescriptive obligation set up by the defendants would be extinguished by unity of possession, and that no part of the time of the tenancy in common before incorporation could be included in the period of prescription. Of this claim the court say,—" The statute [of fences] prescribes the rule where there is no obligation between the parties; it does not interfere with contracts or rights existing independently of the statute . . . A man may be bound by prescription to maintain a fence for the benefit of another as well as himself; and an action on the case will lie against him if damage ensues, in case it be out of repair. *Starr* v. *Rookesby,* 1 Salk. 335. So he shall not have an action of trespass or case for damage done to his lands, if he ought to keep the fence in repair. . . . The prescriptive duty is completely proved. Why should the present plaintiff be allowed to shift or divide this duty? The land came to him *cum onere,* and it is neither just nor lawful in him to cast it off. But it is said the defendants cannot set up this prescription, because the plaintiff is one of the tenants in common, or a member of the corporation. But this cannot make a difference. The rights to the two parcels of land are distinct, and the proprietors are distinct. If there would be a difficulty, the defendants being mere tenants in common with the plaintiff, that difficulty is cured by the incorporation of the defendants. They are now distinct parties. And even if they now were merely tenants in common, the difficulty would be on the plaintiff's side, from an incapacity to sue himself with others. . . . Where there is a union of titles and possession, an easement does not exist; but that principle is inapplicable to the present case. Here the land and the titles are distinct, and the defendants may well prescribe for an easement in the plaintiff's land, or against his right to a contribution in building and repairing fences."

The remedial difficulty arising from the inability of a plaintiff

to sue himself with others is obsolete in this state; and there is nothing in the relations of joint owners, or in the nature of their titles, that renders it impossible that a division of fence between their land and an adjoining lot belonging to one of them should be established by prescription or contract. "The parties" by whose usage and acquiescence the statute authorizes a division of fence to be established are "the owners of adjoining lands." When A, owning lot one, is one of several joint owners of the adjoining lot two, he, as owner of one, is one party, and the owners of two are the other party within the letter and intent of the statute, as they would be if A had no interest in two. The legislature have not expressly excepted cases of this kind, and there is no evidence from which an intended exception of them can be inferred.

The length of the line between the plaintiff's lot (one) and the defendant's lot (two) is one hundred and seven rods. From 1862 to 1889 a part of the fence, extending fifty-seven rods from the north end, was maintained by the owners of two, and the other part, fifty rods long, was maintained by the owners of one. In 1871, 1872, and 1873 this was done in pursuance of an oral agreement. In those years the usage and acquiescence were a mere execution of the agreement. The plaintiff contends that in those years the usage was not adverse within the requirement of the law of prescription, and that a division has not been established, under Gen. Laws, *c.* 142, *s.* 3. One object of the act of 1862 (*c.* 2614), of which Gen. Laws, *c.* 142, *s.* 3, is a revision, apparently was to change the statute, as construed in *Glidden* v. *Towle*, 31 N. H. 147, 168–170, on the subject of division of fence by prescription. The act provided that in controversies between owners or occupants of adjoining lands relative to a division of partition fences, any right or privilege claimed and enjoyed for twenty years by one party and acquiesced in by the other should have the same effect as an agreement written and recorded. In the revised form—"Such division may be established by usage and acquiescence . . . for twenty years"—an alteration of the sense was not designed by the commissioners of revision. *Com'rs' Rep.*, *c.* 129, *s.* 3. In the connection in which the phrases occur, "usage and acquiescence," and "any right or privilege claimed and enjoyed for twenty years . . . by one party . . . and acquiesced in by the other," may have the same meaning. Both expressions may signify a right claimed and enjoyed under and in performance of an agreement, express or implied, as well as a right claimed and enjoyed adversely without an agreement. This is the natural and ordinary meaning of the words, and they do not appear to have been used in a peculiar sense. The operation of the act of 1862 was not expressly limited to cases of prescription, or to rights claimed and enjoyed adversely in the technical sense of the law of prescription; and the evidence of

legislative intent preponderates against the exclusion of contractual as distinguished from prescriptive claims. The result is that a division has been established by usage and acquiescence.

*Case discharged.*

ALLEN, J., did not sit: the others concurred.

*Albert S. Wait* (*Ezra M. Smith* with him), for the plaintiff.

*Ira Colby* and *Josiah G. Bellows*, for the defendant.

